IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRINA OROPESA and JULIAN OROPESA,
Individually and as Parents and Next Friends of
ASHLEY OROPESA and ANGEL OROPESA, minors,

   Plaintiffs,

    vs.                   No. CIV 98-0949 JC/DJS

REGINA SENTELL, SHERYLE LaMERE;
BECKEY CARRILLO; DR. JENNIFER SUE
ROSEN, M.D.; PHYLLIS TULK, and CHILDREN,
YOUTH AND FAMILIES DEPARTMENT,
an Agency of the State of New Mexico,

   Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendants Sentell, LaMere and Carrillo's Motion to Dismiss Amended Complaint, filed May 5, 1999 *(Doc. 33)*. The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant authorities. The Court finds that Defendants Sentell, LaMere and Carrillo's motion is well taken in part and will be granted in part.

### Background

Plaintiffs are the parents of Ashley and Angel Oropesa. On March 24, 1996, Ashley was taken to the Eastern New Mexico Medical Center in Roswell after complaining of urinary problems. Ashley was seen by Defendant Jennifer Sue Rosen at the Medical Center. Dr. Rosen conducted a physical examination and found that there were a number of abnormalities in Ashley's genital area.

Ashley was subsequently seen by Defendant Phyllis Tulk, a certified family nurse practitioner. Ms. Tulk conducted a sexual abuse examination.

On June 4, 1996, following Ms. Tulk's examination, the New Mexico Children, Youth and Families Department ("CYFD") sought custody of Ashley and Angel. Following a court hearing, Ashley and Angel were removed from Plaintiffs' custody and placed with CYFD. Defendants Regina Sentell, Sheryle LaMere and Becky Carrillo were employees of CYFD at the time and were involved in Ashley and Angel's removal.

The sexual abuse allegations against Plaintiffs were ultimately dropped, and Ashley and Angel were returned to Plaintiffs' custody. Ashley has a number of medical conditions (including "Ideopathic Thromlocytopenic Purpura" and "Fanconi Anemia") that may have caused the symptoms Ashley demonstrated at the Eastern New Mexico Medical Center in March of 1996. Second Am. Compl. at 4-5. Plaintiffs now sue for negligence, medical malpractice and violation of their civil rights under 42 U.S.C. § 1983.

**Analysis**

Defendants Sentell, LaMere and Carrillo ("the social workers") move to dismiss Plaintiffs' First Amended Complaint on three grounds. First, they contend Plaintiffs' suit should be dismissed because they are entitled to absolute immunity. Second, they contend Plaintiffs' First Amended Complaint does not satisfy the heightened pleading standard for a 42 U.S.C. § 1983 claim. Finally, they claim qualified immunity acts to bar Plaintiffs' 42 U.S.C. § 1983 claim.

I find the social workers' absolute immunity argument unpersuasive. "Absolute immunity is strong medicine and government officials who seek exemption from personal liability have the burden

of showing that the exemption is justified by overriding considerations of public policy." *Snell v. Tunnell*, 920 F.2d 673, 696 (10th Cir. 1990) (quoting *Forrester v. White*, 484 U.S. 219, 224 (1988)) (internal quotations omitted). The social workers have not met their burden. At this point, "[i]t is . . . impossible to determine if, based on their duties, the social workers were entitled to absolute immunity." Defs.' Br. at 3.

Qualified immunity, on the other hand, is a different story. Qualified immunity protects government officials "performing discretionary functions from individual liability under 42 U.S.C. § 1983 unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Greene v. Barrett*, 174 F.3d 1136, 1142 (10th Cir. 1999) (quoting *Baptiste v. J.C. Penney Co., Inc.*, 147 F.3d 1252, 1255 (10th Cir. 1998)) (internal quotations omitted). Once a qualified immunity defense is raised, the burden shifts to the plaintiff to show: "(1) that the defendant's actions violated a federal constitutional or statutory right; and (2) that the right violated was clearly established at the time of the defendant's actions." *Id.*

In this case, Plaintiff claims that the social worker defendants violated clearly established rights by failing to accept or consider Ashley's preexisting medical conditions when they made their recommendations, and took their actions. Plaintiff, however, fails to identify any case or statutory law that would suggest "defendants' actions violated 'clearly established' constitutional or statutory rights of which a reasonable person would have known." *Hidahl v. Gilpin County Dep't of Social Servs.*, 938 F.2d 1150, 1155 (10th Cir. 1991) (finding qualified immunity for social workers who allegedly "improperly conducted an investigation of child abuse, improperly filed a dependency and neglect action, and improperly removed" children from parent's home.). *See also Callahan v. Lancaster-Lebanon Inter. Unit 13*, 880 F. Supp. 319, 327-333 (E.D. Pa. 1994) (citing a number of

cases that hold that child care workers are entitled to qualified immunity). Consequently, Plaintiff's 42 U.S.C. § 1983 claim will be dismissed as against Defendants Regina Sentell, Sheryle LaMere and Becky Carrillo in their individual capacities.[1]

Wherefore,

IT IS HEREBY ORDERED that Defendants Sentell, LaMere and Carrillo's Motion to Dismiss Amended Complaint, filed May 5, 1999 *(Doc. 33)* is **granted in part.** Count I (Violation of Civil Rights) of Plaintiff's Second Amended Complaint is dismissed with prejudice, as against Defendants Regina Sentell, Sheryle LaMere and Becky Carrillo.

DATED this 2nd day of July, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiffs: | Gary C. Mitchell<br>Gary C. Mitchell, P.C.<br>Ruidoso, New Mexico |
| Counsel for Defendants: | Paula I. Forney<br>Legal Bureau Risk Management Division<br>Santa Fe, New Mexico |
| | Rod M. Schumacher<br>Barbara Ann Patterson Reddy<br>Atwood, Malone, Turner & Sabin, P.A.<br>Roswell, New Mexico |
| | J. E. Casados<br>Gallagher, Casados & Mann, P.C.<br>Albuquerque, New Mexico |

---

[1] Plaintiffs' submission of a Second Amended Complaint does not affect the social worker defendants' entitlement to qualified immunity.