# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TRINA OROPESA and JULIAN OROPESA,
Individually and as Parents and Next Friends of
ASHLEY OROPESA and ANGEL OROPESA, minors,

      Plaintiffs,

vs.                                                   No. CIV 98-0949 JC/DJS

REGINA SENTELL; SHERYLE LaMERE; BECKEY
CARRILLO; DR. JENNIFER SUE ROSEN, M.D.;
PHYLLIS TULK, and CHILDREN, YOUTH AND
FAMILIES DEPARTMENT, an Agency of the
State of New Mexico,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendant Tulk's Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted, filed July 6, 1999 *(Doc. 52)*; Defendants Children, Youth and Families Department ("CYFD"), Sentell, LaMere and Carrillo's Motion to Dismiss Second Amended Complaint, filed July 7, 1999 *(Doc. 57)*; Defendant Tulk's Motion to Strike Plaintiffs' Second Amended Complaint, filed July 21, 1999 *(Doc. 63)*; and Defendant Jennifer Sue Rozum's Motion for Summary Judgment, filed August 4, 1999 *(Doc. 67)*. The Court has reviewed the motions, the memoranda submitted by the parties, and the relevant authorities.[1]

The Court finds that Defendant Tulk's Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted; Defendants Children, Youth and Families Department ("CYFD"),

---

[1] Oral argument would not be of assistance to the Court.

Sentell, LaMere and Carrillo's Motion to Dismiss Second Amended Complaint; and Defendant Jennifer Sue Rozum's Motion for Summary Judgment, are well taken in part and will be **granted in part**. The Court further finds that Defendant Tulk's Motion to Strike Plaintiffs' Second Amended Complaint, filed July 21, 1999 *(Doc. 63)*, is not well taken and will be **denied**.

The factual background to this case was previously discussed in my July 2, 1999 Memorandum Opinion and Order *(Doc. 50)*. In that Memorandum Opinion and Order, I dismissed Plaintiffs' 42 U.S.C. § 1983 claims against Defendants Regina Sentell, Sheryl LaMere and Becky Carrillo in their individual capacities.

Defendant CYFD moves for dismissal of the negligence claim (Count IV) asserted against them. CYFD argues that New Mexico has not waived its sovereign immunity for negligence claims and that the Eleventh Amendment bars Plaintiffs' action. *See* Defs.' Brief at 18 *(Doc. 58)*. Plaintiffs have not responded to CYFD's Eleventh Amendment argument. I find that the Eleventh Amendment bars Plaintiffs' action. Consequently, Count IV will be dismissed as against Defendant CYFD.

Also before the Court is Defendant Tulk's Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted.[2] In Ms. Tulk's Motion to Dismiss, she argues that Plaintiffs' § 1983 claim should be dismissed because (1) "Plaintiffs fail to sufficiently allege that Defendant Tulk was a state actor and therefore acted under color of law" and (2) "Plaintiffs have only alleged that Defendant Tulk acted negligently which is insufficient under section 1983." Def. Tulk's Brief at 2-3 *(Doc. 55)*. Because I find Ms. Tulk's second argument persuasive, I will bypass Ms. Tulk's

---

[2] During our May 26, 1999 status conference, I granted leave for Plaintiffs to file a Second Amended Complaint. Consequently, Ms. Tulk's Motion to Strike will be denied.

first argument and assume that she was a state actor. Plaintiffs' § 1983 allegations against Ms. Tulk are that:

> Phyllis Tulk despite her own examination showing that the child suffered from ITP and voluminous medical records, notice from the Oropesa's of the child's medical problems, persisted and continued in her opinion that the injuries she saw on the child were the result or were consistent with digital penetration. Phyllis Tulk failed to investigate, failed to properly diagnose and continued in support of the child abuse petition and the removal of the children from the home.

Second Amended Complaint ¶ 63.

I find that the allegations against Ms. Tulk are substantively equivalent to the allegations levied against the three social worker defendants. Plaintiffs are claiming that Ms. Tulk should have concluded Ashley was not sexually abused based on Ashley's previous medical history. As with the § 1983 claims against the social workers, Plaintiffs' allegations are insufficient under *Hidahl v. Gilpin County Dep't Social Services*, 938 F.2d 1150 (10th Cir. 1991). Plaintiffs' Second Amended Complaint "fails to disclose any allegation that the defendants acted in bad faith or with malice." *Hidahl*, 938 F.2d at 1154. Consequently, Defendant Tulk's Motion to Dismiss will be granted in part.

Having dismissed the § 1983 claims of the social workers and Ms. Tulk, I turn to Dr. Rozum's summary judgment motion. Dr. Rozum argues: (1) that Plaintiffs' malpractice claim is barred by the statute of limitations under the tort claims act; (2) that she is immune from liability for reporting suspected child abuse; (3) that she had reasonable cause to suspect child abuse; and (4) that she is entitled to qualified immunity. As with the allegations against Ms. Tulk and the three social workers, I find that the allegations against Dr. Rozum are insufficient under *Hidahl*. Plaintiffs' allegations against Dr. Rozum are that

> [d]espite being advised and knowing through her medical training that the medical problems of the child which show the same type injuries which she had found failed and refused to conduct further medical tests or demand that medical tests be had to determine the condition of the child and continued in her opinion that the CYFD proceed with its abuse and neglect opinion.

Second Amended Complaint ¶ 62. These allegations do not indicate bad faith, malice or deliberate indifference; *Good v. Dauphin County Social Services*, 891 F.2d 1087 (3rd Cir. 1989) has been specifically rejected by the Tenth Circuit. *See Hidahl*, 938 F.2d at 1155. *Compare J.B. v. Washington County*, 127 F.3d 919, 927-28 (10th Cir. 1997) ("They do not allege that the officials were motivated by any other purpose apart from investigation."). Thus, Plaintiffs' § 1983 claim against Dr. Rozum will be dismissed.

I also find that summary judgment is appropriate for the malpractice claim (Count II) levied against Dr. Rozum. Plaintiffs have failed to counter the affidavit of Dr. Rozum with evidence of a departure from the standard of care.[3] Plaintiffs rely on allegations and general suppositions to defeat Dr. Rozum's summary judgment motion--there is no genuine issue for trial. *See Zuls v. United States*, No. 95-2029, 1995 WL 397067 (10th Cir. July 7, 1995); *Rodriguez v. Pacificare of Texas, Inc.*, 980 F.2d 1014, 1020 (5th Cir. 1993).

Wherefore,

IT IS HEREBY ORDERED that Defendant Tulk's Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted, filed July 6, 1999 *(Doc. 52)*; Defendants Children, Youth and Families Department ("CYFD"), Sentell, LaMere and Carrillo's Motion to Dismiss Second Amended Complaint, filed July 7, 1999 *(Doc. 57)*; and Defendant Jennifer Sue Rozum's Motion for Summary Judgment, filed August 4, 1999 *(Doc. 67)*, are **granted in part**. Plaintiffs' 42 U.S.C.

---

[3] The standard of care in this case is not something a lay person could establish on their own.

§ 1983 claim (Count I) is dismissed as against Defendants Tulk and Rozum, in their individual capacities. Plaintiffs' medical malpractice claim (Count II) is dismissed as against Dr. Rozum and Plaintiffs' negligence claim (Count IV) is dismissed as against Defendant Children, Youth and Families Department.

IT IS FURTHER ORDERED that Defendant Tulk's Motion to Strike Plaintiffs' Second Amended Complaint, filed July 21, 1999 *(Doc. 63)*, is **denied**.

DATED this 14th day of September, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiffs:     Gary C. Mitchell
                            Gary C. Mitchell, P.C.
                            Ruidoso, New Mexico

Counsel for Defendants:     Paula I. Forney
                            Legal Bureau Risk Management Division
                            Santa Fe, New Mexico

                            Rod M. Schumacher
                            Barbara Ann Patterson Reddy
                            Atwood, Malone, Turner & Sabin, P.A.
                            Roswell, New Mexico

                            J. E. Casados
                            Nancy Franchini
                            Gallagher, Casados & Mann, P.C.
                            Albuquerque, New Mexico